**FILED**

MAY 0 1 2001

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

DOCKETED

MAY 0 1 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
                                                    )
                    Plaintiff,          )    **No.** **01C 3109 -**
                                                    )
        v.                                      )    Magistrate Judge
                                                    )    MAGISTRATE JUDGE ASHMAN
FRANK BLAIR,                          )
                                                    )
                    Defendant.         )
                                                    )    **MAGISTRATE GENERAL**
                                                    )

## COMPLAINT

The United States, by Scott R. Lassar, Attorney for Plaintiff for the Northern District of Illinois, brings this action against the defendant, Frank Blair and for its cause of action states:

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345.

2. The defendant resides within the jurisdiction of this court.

3. Pursuant to the provisions of Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071 - 1087ii, the defendant executed promissory note(s) as more fully set forth in the Certificate of Indebtedness attached hereto as Exhibit "A". A copy of the note(s) is attached hereto as Exhibit "B".

4. Although demand has been made for payment, there remains due and owing the principal sum of $2,800.00, plus interest to April 23, 2001 at 3.000% per annum from date of default. WHEREFORE, plaintiff demands judgment against the defendant as follows:

a. in the amount of $5,403.95 ($2,800.00 principal and interest accrued through April 23, 2001 and administrative/penalty charges of $.00;

b. interest to continue to accrue at the rate of 3.000% per annum until the date of judgment;

c.  interest from the date of judgment at the statutory rate pursuant to 28 U.S.C. §1961 until

paid in full;

d.  costs of suit, including but not limited to, a filing fee of $150.00, as authorized by 28

U.S.C. § 2412(a)(2), and

e.  for such other proper relief as this court may deem just.

Respectfully submitted,

SCOTT R. LASSAR
United States Attorney

By:

JAN GAINES
Attorney for Plaintiff
150 N. Wacker Drive
Suite 2660
Chicago, Il  60606
Phone No.: (312) 920-0620

4

# U. S DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

**Frank Blair**
**AKA: F. Blair Jr., Frank L. Blair Jr.,**
**Frank Lee Blair Jr., & Frank Blair Jr.**
**7306 S. Euclid Ave.**
**Chicago, IL 60649**

I certify that Department of Education record show that the debtor named above is indebted to the United States in the amount stated below plus additional interest from 08/17/99.

On or about 10/06/64, 01/21/65, 09/10/65, 03/11/66, 06/11/66, 12/19/66, 03/16/67, 05/02/67, 06/23/67, 09/20/67, 02/26/68, 06/30/68, & 10/11/68 the debtor executed promissory notes(s) to secure loan(s) of $150.00, $150.00, $200.00, $200.00, $200.00, $200.00, $200.00, $200.00, $250.00, $300.00, $300.00, $200.00, & $250.00 from Huston - Tillotson College - Austin, TX at 3 percent interest per annum. The institution made the loan(s) under the Federally-funded National Direct Student Loan, now Perkins Student Loan, programs authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087 aa *et seq.* (34 C.F.R. Part 674). The institution demanded payment according to the terms of the notes, and the debtor defaulted on the obligation on 03/29/70. Due to this default, the institution assigned all rights and title to the Department of Education.

After the institution credited all cancellations due and payments received, the debtor owed the school $2,800.00 principal and interest in the amount of $1,953.17. This principal and interest together with any unpaid late charges totaled $4,753.17. The loan was assigned to the Department on 06/23/93.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the debtor owes the United States the following:

| | |
|---|---|
| Principal: | $2,800.00 |
| Interest: | $2,462.42 |
| Fees/Costs: | $0.00 |
| Late charges: | $0.00 |
| Total Debt as of 08/17/99: | $5,262.42 |

Interest accrues on the principal shown here at the rate of $0.23 per day.

Pursuant to 28 U.S.C. 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: _____9/1/99_____    Name: _____

Title: Loan Analyst
Branch: Litigation Branch

# PROMISSORY NOTE
## NATIONAL DEFENSE STUDENT LOAN PROGRAM

Austin, Texas 78702

I, **Frank L. Blair, Jr.**............, hereinafter called the maker, promise to pay to HUSTON-TILLOTSON COLLEGE, hereinafter called the Institution, located at AUSTIN, TEXAS, the sum of such amounts as may from time to time be advanced to me and endorsed in the Schedule of Advances below together with all attorneys' fees, and other costs and charges necessary for the collection of any amount not paid when due.

NOT TO BE SIGNED
UNTIL LOAN DISBURSE-
MENT IS RECEIVED

### Schedule of Advances

|   | Amount | Date | Authorization | Signature of Maker |
|---|--------|------|---------------|--------------------|
| 1 | 150.00 - | 10/6/64 | Carl C. Glenn | Blair Jr. |
| 2 | 150.00 | 1/21/65 | Carl C. Glenn | Blair Jr. |
| 3 | 200.00 | 9/10/65 | Carl C. Glenn | Blair Jr. |
| 4 | 200.00 | 3/11/66 | Carl C. Glenn | Blair Jr. |
| 5 | 200.00 | 6/11/66 | Carl C. Glenn | Blair Jr. |
| 6 | 200.00 | 12/19/66 | Carl C. Glenn | Blair Jr. |
| 7 | 200.00 | 3/16/67 | Carl C. Glenn | Blair Jr. |
| 8 | 200.00 | 5/2/67 | Carl C. Glenn | Blair Jr. |

The maker further understands and agrees, and it is understood between the parties that:

I. Repayment of principal, together with interest thereon, shall be made over a period, commencing (except when paragraph III (2) applies), nine months after the date on which the maker ceases to carry, at an institution of higher education, (as defined in the National Defense Education Act of 1958 as amended and regulations pertaining thereto) or at a comparable institution outside the States approved for this purpose by the Commissioner, at least one-half the full-time academic workload as determined by the institution granting the loan, and ending ten years and nine months after such date. Interest, at the rate of three per centum per annum, shall accrue from the beginning of such repayment period. Repayment of principal, together with interest thereon, shall be made in equal (or if the maker so requests, in graduated installments determined in accordance with such schedules as may be approved by the above-named institution and the Commissioner) MONTHLY INSTALLMENTS in accordance with the schedule which is attached to and made part of this note.

II. All sums advanced pursuant to this note are drawn from a fund created under the National Defense Education Act of 1958 as amended. Such terms of this note as are subject to interpretation shall be construed in the light of Federal Regulations pertaining to such Act, a copy of which shall be kept by the institution.

III. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time.

(2) Interest shall not accrue on the loan, and installments need not be paid during any period (A) during which the maker is carrying, at an institution of higher education or at a comparable institution outside the States approved for this purpose by the Commissioner, at least one-half the normal full-time academic workload as determined by the institution, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker is in service as a volunteer under the Peace Corps Act or (D) not in excess of three years during which the maker BLAIR*FRANK* nomic Opportunity Act of 1964; any such PX LOAN NO: 1997 74280 07-21-93 determining the ten-year period during whic TO 1
RATE: 03.008

 

(3) If the maker undertakes service as a full-time teacher in a public or other nonprofit elementary or secondary school or institution of higher education in a State, or in an elementary or secondary school overseas of the Armed Forces of the United States, the amount of this note shall be reduced at the rate of ten per centum of the total amount of the loan plus interest thereon for each complete academic year or its equivalent (as determined under the regulations of the Commissioner) of such service up to a maximum of 50 per centum of the principal plus interest thereon.

(4) If, commencing with the academic year 1966–67, the maker undertakes service as a full-time teacher in a public or other nonprofit elementary or secondary school which is in the school district of a local educational agency which is eligible in such year for assistance pursuant to Title II of P. L. 81–874, as amended, and which, for purposes of this clause, for that year has been determined by the Commissioner to be a school in which there is a high concentration of students from low-income families, the amount of this note shall be reduced at the rate of 15 per centum of the total amount of the loan plus interest thereon for each complete academic year or its equivalent (as determined under regulations of the Commissioner) of such service.

(5) If the maker fails to make timely payment of all or any part of an installment, or if the maker is eligible for deferral or cancellation of payment (pursuant to paragraph III (2), (3), or (4) herein) but fails to submit timely and satisfactory evidence thereof, the maker promises to pay the charge assessed against him by the institution. No charge may exceed $1 for the first month or part thereof in which the installment or evidence is late, and $2 for each month or part thereof thereafter. If the institution elects to add the charge to the outstanding principal of the loan, it shall so inform the maker prior to the due date of the next installment.

(6) Notwithstanding the repayment schedule otherwise calculable pursuant to paragraph 1, the maker shall repay the principal of this loan at the rate of not less than $15 per month. In the event the maker receives or has received other National Defense Student Loans at one or more other institutions, he shall repay this note at a monthly rate equal to not less than the amount by which $15 exceeds the total monthly rate of repayment on all such other loans.

(7) In the event of a default in the payment of any of the installments due on this note, the entire unpaid indebtedness, including interest due and accrued thereon, shall, at the option of the institution, become immediately due and payable.

(8) In the event of the maker's death or total and permanent disability the unpaid indebtedness hereunder shall be canceled.

(9) The maker is responsible for informing the institution to which he is indebted under this note of any change or changes in his address.

**IV.** The maker hereby certifies that he has listed below all of the National Defense Student Loans obtained at other institutions.

### Schedule of National Defense Student Loans at Other Institutions

|   | Amount | Date | Institution | Signature of Maker |
|---|--------|------|-------------|--------------------|
| 1 |        |      |             |                    |
| 2 |        |      |             |                    |
| 3 |        |      |             |                    |
| 4 |        |      |             |                    |

SIGNATURE *Frank L. Blair Jr*     DATE 6-26-69
(Signature in full as on first line of note)

SOCIAL SECURITY NUMBER .......... *42*

PERMANENT ADDRESS *Rt. 2, Box 102 Coolidge Texas 76635*
(Not Austin unless living with parents or own home here)    Zip Code

ENDORSER .......... DATE ..........
(Signature—Parent, Guardian, or Husband)

PERMANENT ADDRESS .......... *re*

# PROMISSORY NOTE
## NATIONAL DEFENSE STUDENT LOAN PROGRAM

Austin, Texas 78702

I, .....Frank Lee Blair, Jr.........., hereinafter called the maker, promise to pay to HUSTON-TILLOTSON COLLEGE, hereinafter called the Institution, located at AUSTIN, TEXAS, the sum of such amounts as may from time to time be advanced to me and endorsed in the Schedule of Advances below together with all attorneys' fees, and other costs and charges necessary for the collection of any amount not paid when due.

### Schedule of Advances

NOT TO BE SIGNED UNTIL LOAN DISBURSEMENT IS RECEIVED

| | Amount | Date | Authorization | Signature of Maker |
|---|---|---|---|---|
| 1 | 250.00 | 6/23/67 | Carl Clemens | J Blair |
| 2 | 300.00 | 9/20/67 | Carl Clemens | J Blair |
| 3 | 300.00 | 2/26/68 | Carl Clemens | J Blair Jr |
| 4 | 200.00 | 6/30/68 | Carl Clemens | J Blair Jr |
| 5 | 250.00 | 10/11/68 | Carl Clemens | J Blair Jr |
| 6 | | | | J Blair Jr |
| 7 | | | | J Blair Jr |
| 8 | | | | J Blair Jr |

The maker further understands and agrees, and it is understood between the parties that:

I. Repayment of principal, together with interest thereon, shall be made over a period, commencing (except when paragraph III (2) applies), nine months after the date on which the maker ceases to carry, at an institution of higher education, (as defined in the National Defense Education Act of 1958 as amended and regulations pertaining thereto) or at a comparable institution outside the States approved for this purpose by the Commissioner, at least one-half the full-time academic workload as determined by the institution granting the loan, and ending ten years and nine months after such date. Interest, at the rate of three per centum per annum, shall accrue from the beginning of such repayment period. Repayment of principal, together with interest thereon, shall be made in equal (or if the maker so requests, in graduated installments determined in accordance with such schedules as may be approved by the above-named institution and the Commissioner) MONTHLY INSTALLMENTS in accordance with the schedule which is attached to and made part of this note.

II. All sums advanced pursuant to this note are drawn from a fund created under the National Defense Education Act of 1958 as amended. Such terms of this note as are subject to interpretation shall be construed in the light of Federal Regulations pertaining to such Act, a copy of which shall be kept by the institution.

III. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time.

(2) Interest shall not accrue on the loan, and installments need not be paid during any period (A) during which the maker is carrying, at an institution of higher education or at a comparable institution outside the States approved for this purpose by the Commissioner, at least one-half the normal full-time academic workload as determined by the institution, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker is in service as a volunteer under the Peace Corps Act or (D) not in excess of three years during which the maker serves as a volunteer under Section 603 of The Economic Opportunity Act of 1964; any such period in (A), (B), (C), or (D) shall not be included in determining the ten-year period during which repayment must be completed.

 

(3) If the maker undertakes service as a full-time teacher in a public or other nonprofit elementary or secondary school or institution of higher education in a State, or in an elementary or secondary school overseas of the Armed Forces of the United States, the amount of this note shall be reduced at the rate of ten per centum of the total amount of the loan plus interest thereon for each complete academic year or its equivalent (as determined under the regulations of the Commissioner) of such service up to a maximum of 50 per centum of the principal plus interest thereon.

(4) If, commencing with the academic year 1966–67, the maker undertakes service as a full-time teacher in a public or other nonprofit elementary or secondary school which is in the school district of a local educational agency which is eligible in such year for assistance pursuant to Title II of P. L. 81–874, as amended, and which, for purposes of this clause, for that year has been determined by the Commissioner to be a school in which there is a high concentration of students from low-income families, the amount of this note shall be reduced at the rate of 15 per centum of the total amount of the loan plus interest thereon for each complete academic year or its equivalent (as determined under regulations of the Commissioner) of such service.

(5) If the maker fails to make timely payment of all or any part of an installment, or if the maker is eligible for deferral or cancellation of payment (pursuant to paragraph III (2), (3), or (4) herein) but fails to submit timely and satisfactory evidence thereof, the maker promises to pay the charge assessed against him by the institution. No charge may exceed $1 for the first month or part thereof in which the installment or evidence is late, and $2 for each month or part thereof thereafter. If the institution elects to add the charge to the outstanding principal of the loan, it shall so inform the maker prior to the due date of the next installment.

(6) Notwithstanding the repayment schedule otherwise calculable pursuant to paragraph 1, the maker shall repay the principal of this loan at the rate of not less than $15 per month. In the event the maker receives or has received other National Defense Student Loans at one or more other institutions, he shall repay this note at a monthly rate equal to not less than the amount by which $15 exceeds the total monthly rate of repayment on all such other loans.

(7) In the event of a default in the payment of any of the installments due on this note, the entire unpaid indebtedness, including interest due and accrued thereon, shall, at the option of the institution, become immediately due and payable.

(8) In the event of the maker's death or total and permanent disability the unpaid indebtedness hereunder shall be canceled.

(9) The maker is responsible for informing the institution to which he is indebted under this note of any change or changes in his address.

IV. The maker hereby certifies that he has listed below all of the National Defense Student Loans obtained at other institutions.

## Schedule of National Defense Student Loans at Other Institutions

| | Amount | Date | Institution | Signature of Maker |
|---|---|---|---|---|
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |

SIGNATURE _Frank Blair Jr_ DATE 6-26-69
(Signature in f

SOCIAL SECURITY NUMBER... 442

PERMANENT ADDRESS _R. 2, Box 102 Coolidge, Texas 76635_
(Not Austin unless living with parents or own home here)      Zip Code

ENDORSER ........................................... DATE ................
(Signature—Parent, Guardian, or Husband)

PERMANENT ADDRESS ...........................................

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## Civil Cover Sheet

**FILED**

MAY 0 1 2001

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements MICHAEL W. DOBBINS the filing and service of pleadings or other papers as required by law. This form is authorized for use CLERK, U.S. DISTRICT COURT only in the Northern District of Illinois.

**Plaintiff(s): UNITED STATES OF AMERICA**

County of Residence:

Plaintiff's Atty: Jan Gaines
Attorney for Plaintiff
150 North Wacker Drive,
Suite 2660
Chicago, IL 60606
312-920-0620

**Defendant(s): FRANK BLAIR**
7306 S. Euclid Ave.
Chicago, Il 60649

**DOCKETED**

MAY 0 1 2001

County of Residence:

Defendant's Atty:

**01 C 3109**

MAGISTRATE GENERAL
MAGISTRATE JUDGE ASHMAN

---

II. Basis of Jurisdiction:   1 U.S. Gov't Plaintiff

III. Citizenship of Principle Parties (Diversity Cases Only)
   Plaintiff:   - N/A
   Defendant:   - N/A

IV: Origin:   **1. Original Proceeding**

V: Nature of Suit:   **152 Student Loan - non VA**

VI: Cause of Action:   **Dept. of Education defaulted student loan pursuant to Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087-1087ii**

VII: Requested in Complaint
   Class Action:   **No**
   Dollar Demand:   **$5,403.95**
   Jury Demand:   **No**

---

VIII. This case **Is Not** a refiling of a previously dismissed case. (If yes case number ___ by Judge___)

Signature: *[signature] Gaines*

Date: 4/26/01

Revised: 03/10/99

1-2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

**DOCKETED**

MAY 0 1 2001

**FILED**

In the Matter of

United States of America

Vs.

Frank Blair

MAY 0 1 2001

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

Case Number: 01C 3109 -

## APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

United States of America

MAGISTRATE JUDGE ASHMAN

MAGISTRATE JUDGE ASHMAN

MAGISTRATE GENERAL

| (A) | (B) |
|---|---|
| SIGNATURE *[signature] an Gaines* | SIGNATURE |
| NAME *an Gaines* | NAME |
| FIRM Blitt and Gaines, P.C. | FIRM |
| STREET ADDRESS 150 N. Wacker Dr., Ste. 2660 | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, IL 60606 | CITY/STATE/ZIP |
| TELEPHONE NUMBER (312)920-0620 · FAX NUMBER (312)920-0625 | TELEPHONE NUMBER · FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6194988 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES **X** NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES **X** NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER · FAX NUMBER | TELEPHONE NUMBER · FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |